The chancellor delivered the following opinion :
I have considered this case with attention. It is by no means clear of difficulties. There is no doubt but where a bill is a mere, bill of discovery, and the defendant makes no discovery, and denies the equity of the bill, that usually, if there be no other sufficient ground to rest the case upon, the court will dismiss the bill. And the court will more readily do so, if it should ap.-pear that there is plain and adequate remedy at law. The questions then are :
First. — Ai-o there no such disclosures made by the defendant’s answer, connected with the. merits of the case, as should entitle the complainants to go on and try their case in this court ?
Second. — Whether it appears that the complainant has plain and adequate remedy at law in this case?
Upon a careful attention to the answers, it appears to me, that they do disclose facts intimately connected with ihc merits of this case.; and which complainants might not have been able to have otherwise obtained. These arc, !hat Mr. Horan was the agent of Gen. Sumter in the purchase at the sheriff’s sale; and that the sheriff declined making titles for all the tracts of J.and for which the defendants claimed titles to be made, until Horan made an affidavit that all the lands of Sanders’ estate were included in the sale. And it is material to remark, that this affidavit and consequent conveyances of the lauds, were in direct contradiction to the sheriff’s own original entry of sales, wherein he had put down only two tracts of land as sold. And it is also material to re-marle, that the conveyances were not made by the sheriff for several years after the sale in V'!hL
*106 The original entry of the. sheriff, and his subse-cpient alteration, and the time of making the convoyan-eos, alinear in the copy of this transaction delivered to , A , , . , , , , ,, his successor, which is mane on exhibit- But whether ^‘ie complainant could at law, get at the original book of entry, so as to make it evidence, and whether he could obtain testimony of the important facts disclosed in the answer, I cannot he certain. I cannot, therefore, say that it appears there would bo a plain and adequate remedy at law for the complainant. Indeed, it is difficult to perceive how he could institute a suit at law, which would bring out the merits of this case. For he could not bring trespass, as the legal title is not in him : Nor could he easily induce a sheriff to levy and sell the lauds in question, under this judgment. Upon such an application, the reasonable answer would be, the lands appear to have been sold by iny predecessor, or he lias made ti-lles to them: you must obtain the judgment or decree of a competent court setting aside the sale, before I can resell. And if a sheriff would now resell, it would still leave the question as to the regularity and validity of the first sale where if is. As to the objection, that Sanders’ heirs might afterwards bring suit for this land, there is no danger from that source. If this court should, upon a full hearing, decree that the conveyances made by the sheriff should be set aside, and a new sale made, this would protect the defendants from any claims by San- ■ ders’heirs. Andas to the objection that the defendants are entitled to the protection of the statute of limitations, the going fully into this case will not deprive them of the benefit of the statute, if if should appear upon a full hearing, that they arc entitled to it. Upon the whole, it does not appear to me that it would be furthering the purposes of justice to dismiss this bill at this stage of the cause. What the issue of this case may ho at a full hearing, I cannot foresee. But it seems to me that the complainant could not have full and adequate re-
Blauding for complainant
Be admitted (for argument’s sake) that Mr. Mayrant having been security to the sheriff, he may lawfully detain the books, but insists that he is bound to obey the exigency of the writ of subpoena duces tecum. Quotes Peake, 187; case of lord Melville, in the house of lords, 188: in the case of Powell, Hopton & Co. -os. W. Laing,. an attachment was ordered against Was. Mayrant by judge Brevard; hut it was refused by judge Wilds in the, case of commissioners of the treasury vs. Isham Moore. In the first case, the action ivas against a person indifferent as to Mayrant, in the last it was against his co-security. If Davis was alive, the court would oblige him to produce his sheriff’s books. His security Mayrant has no higher right to keep and conceal them.
Hooker for defendant.
The witness is not obliged to shew any thing which will subject him to a prosecution, or to a civil suit. Mayrant’s not being the successor or administrator of Davis, the sheriff, is not a proof that he is illegally possessed of the books. If he were illegally possessed of them, and should produce them, it might subject him to an action for such illegal possession. The sheriff himself is bound, officially, to produce his books; but Mayrant is not bound unless it be shewn that he holds them illegally.
Deas for complainant.
If Mayrant says he is interested, the coart would enquire what is his interest. The bill charges an interlineation in the books — this can be made to appear only by the production of the original books.
Afterwards a motion was made for a rule upon Win. Mayrant, to shew cause why an attachment should not be issued against him, for not obeying the exigency of a subpoena writ, requiring bis attendance as a witness in this case, and to produce the books of the late sheriff, William Ransom Davis, the production of which was necessary to the justice of this case. The hooks were alleged to have come into his hands after Davis’s death j but he was not the administrator or executor of Davis. This motion was opposed. It was argued as follows:
*108 The court ordered the rule to shew cause. Mr. • Mayrant made a return to the rule, and allowed for caafje> that he was one of the securities of Mr. Dará, for the faithful discharge of the duties of his office 3 and believed the hooks if produced, would furnish evidence against him, in suits to be brought on the eaid bond: and, therefore, he claimed the privilege (if the said books wore in his possession) of not producing them.
Chancellor James, before whom the return v. made, being of opinion that Mr. Mayrant was bound to produce the book, ordered an attachment to be issued.
From this decree an appeal was made, on the ground that the cause shewn was sufficient to excuse him.
The court of appeals dismissed the appeal.